## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:  Case No. N10-00653-DMD<br><br>MYRON ALLEN McCUMBER and<br>SUSAN KAY McCUMBER,<br><br>　　　　　　Debtors. | Chapter 7<br><br>**Filed On<br>3/7/12** |
| LARRY D. COMPTON, TRUSTEE,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>BANK OF AMERICA, ACADEMY MORTGAGE CORPORATION, a Utah corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEM a/k/a MERS, and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　　Defendants. | Adversary No. N12-90007-DMD |

### MEMORANDUM ON APPLICATION FOR ENTRY OF DEFAULT

Plaintiff Larry D. Compton, Trustee, has moved for entry of default in this adversary proceeding. As discussed below, the application cannot be granted at this time because the defendants were not served in accordance with Fed. R. Bankr. P. 7004.

1.　　Bank of America: Bank of America is an insured depository institution.[1] Fed. R. Bankr. P. 7004(h) requires that service of process on an insured depository institution be made by certified mail addressed to an officer of the institution. Rule 7004(h) contains exceptions to this requirement, but none of them appear applicable here. Here, the plaintiff served Bank of

---

[1] *See* Federal Deposit Insurance Corporation, http://www3.fdic.gov/idasp/main.asp (last visited Mar. 6, 2012).

America by mail at two different addresses. However, the envelopes were neither sent by certified mail nor addressed to an officer of the institution.[2] Accordingly, service on this defendant is deficient.

      2.    <u>Academy Mortgage Corporation, a Utah corporation</u>: Fed. R. Bankr. P. 7004(b)(3) requires that service of process on a domestic or foreign corporation be made by "mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process[.]" Here, the plaintiff mailed the summons and complaint to Academy Mortgage Corporation, Special Credits Section, 1218 East 7800 South #100, Sandy, Utah 84094.[3] Such service does not comply with Fed. R. Bankr. P. 7004(b)(3).

      3.    <u>Mortgage Electronic Registration Systems, Inc.</u>: The summons and complaint were mailed to this corporate defendant at 1818 Library Street, Suite 300, Reston, Virginia 20190.[4] Because they were not mailed to the attention of an officer, a managing or general agent or any other agent authorized to receive service of process in accordance with Fed. R. Bankr. P. 7004(b)(3), service is defective.

      4.    <u>Federal National Mortgage Association</u>:   The Federal National Mortgage Association ("Fannie Mae") is a "[g]overnment-sponsored private corporation."[5] As a corporation, it must be served as set out above. Here, although this defendant was

---

[2]*See* summons executed on Bank of America (Docket No. 6).

[3]*See* summons executed on Academy Mortgage Corporation (Docket No. 7).

[4]*See* summons executed on Mortgage Electronic Registration Systems, Inc. (Docket No. 9).

[5]*See* 12 U.S.C. § 1716, *et seq.*

served by mail at two different addresses, one in Washington, DC, the other in Virginia, neither mailing was directed to the attention of an officer, managing or general agent or any other agent authorized to receive service of process.[6]

There is a split of authority on whether Rule 7004 requires service on a specifically named officer or agent of the entity being served, or whether service addressed to the "president" or "managing agent" is sufficient.[7] The Ninth Circuit BAP has indicated that either method will satisfy the service requirements of Rule 7004(b)(3), so that service under this subsection can be satisfied if the mail is addressed "to the attention of an officer, managing or general agent, without specifically naming the individual officer or managing or general agent."[8] Rule 7004(h) appears to have a stricter service requirement in that the certified mail must be addressed to an officer of the institution. Presumably, under *Villar*, service on an insured depository institution can be made by addressing the envelope to the president or another officer of the institution as well. The court notes, however, that there are several on-line resources that identify the individual officers of banks and credit unions by name. The State of Alaska, Department of Commerce, maintains an annual directory of banks and financial institutions doing business in Alaska, at http://www.commerce.state.ak.us/bsc/pub/2010_Directory.pdf. This directory lists the officers and branch managers for financial institutions located in Alaska. Credit union information can be found at http://www.ncua.gov/DataServices/FindCU.aspx. Limited

---

[6]*See* summons executed on Federal National Mortgage Association (Docket 8).

[7]*In re Villar*, 317 B.R. 88, 93 (B.A.P. 9th Cir. 2004).

[8] *Id.*

officer information for financial institutions and other companies can also be found on-line in the Hoovers Companies directory: http://www.hoovers.com/. Information regarding officers for financial institutions may also be found in the database maintained by the SEC at http://www.sec.gov/edgar/searchedgar/companysearch.html. Given that this information is readily available over the Internet, it does not seem burdensome for parties to locate the names of specific officers or agents when seeking to accomplish service under subsections (b)(3) or (h) of Rule 7004.

The service defects addressed above must be corrected before default can be entered. The plaintiff needs to obtain supplemental summonses and serve them, with a copy of the complaint, on the defendants in accordance with Fed. R. Bankr. P. 7004(b)(3) and (h).

Because service of process on the defendants does not comply with the requirements of Fed. R. Bankr. P. 7004, the Application for Entry of Default will be denied, without prejudice. An order will be entered accordingly.

DATED:  March 7, 2012

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  J. DeWitt, Esq.
          03/07/12